IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RANDLE L. JENNINGS**                                                                                   **PLAINTIFF**

v.                                                                    CIVIL ACTION NO.: 3:22-cv-688-DPJ-MTP

**COMMISSIONER OF SOCIAL SECURITY**                                                **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Plaintiff's Motions for Leave to Proceed *in forma pauperis* [2] [5]. Having considered Plaintiff's submissions, the undersigned recommends that the Motions be denied, and Plaintiff be directed to pay the filing fee.

On November 29, 2022, Plaintiff filed his Complaint [1] seeking judicial review of a final decision of the Commissioner of Social Security Administration denying his claim for disability insurance benefits and supplemental security income. Plaintiff also moved to proceed i*n forma pauperis* ("IFP"), but the Court found that additional information was required to assess Plaintiff's financial status. The Court directed Plaintiff to complete a long-form IFP application, and he did so on December 28, 2022. The Court now has sufficient information before it to evaluate Plaintiff's IFP Motions.

In making the IFP determination, the Court may consider the total monetary resources available to assist Plaintiff. "There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees. *See Barnes v. Secretary, Dept. of Treasury*, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010). The Court must

examine the Plaintiff's financial condition in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "There is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau Rivage*, 2009 WL 3431457 (S.D. Miss. 2009). "The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court." *Id*. (citing *Willard v. United States*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969)).

In the Motion [5], Plaintiff states that his spouse makes $3,800.00 a month. Additionally, Plaintiff receives $1,250.00 a month in retirement income. Plaintiff lists no dependents.

Courts have utilized the applicable Department of Health and Human Services poverty guidelines to assess an applicant's financial condition.[1] The applicable poverty guideline for a two-person household is $18,310.00 annually.[2] Plaintiff's household income of $60,600.00 far exceeds the poverty level for a two-person household. Additionally, Plaintiff owns a home worth $52,000.00, two vehicles, has $1,500.00 in cash, and his wife has $1,500.00 in a checking account.

Plaintiff states that his household monthly expenses total $3,080.00. Thus, Plaintiff's household monthly income exceeds his expenses. Courts have denied IFP applications even where the plaintiffs' expenses exceed their income. *See Slaughter v. Vilsack*, 2013 WL 1704909 (M.D. Ga. April 19, 2013). "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate

---

[1] *See, e.g., Mann v. City of Moss Point*, 2014 WL 4794544 (S.D. Miss. Sept. 25, 2014); *Bruton v. Colvin*, 2014 WL 840993 (N.D. Tex. Mar. 4, 2014); *Nelson v. Louise*, 2011 WL 3648632 (E.D. La. July 27, 2011); *Walker v. University of Texas Medical Branch*, 2008 WL 4873733 (E.D. Tex. Oct. 30, 2008).

[2] *See* Annual Update of the HHS Poverty Guidelines, 87 Fed. Reg. 3315 (Jan. 21, 2022).

their resources in a different manner." *McCoy v. Colvin*, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013).

Plaintiff's financial status should allow him to pay the filing fee in order to commence this action without undue hardship. Under the circumstances presented, Plaintiff should not be permitted to proceed at taxpayer expense.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Motions for Leave to Proceed *in forma pauperis* [2] [5] be DENIED.

2. Plaintiff be given thirty (30) days to pay all of the costs associated with the filing of this lawsuit.

3. Should Plaintiff fail to timely pay all of the costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 3rd day of January, 2023.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE