# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**RANDLE L. JENNINGS**                                                              **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO.: 3:22-cv-688-DPJ-MTP**

**COMMISSIONER OF SOCIAL SECURITY,**
*Kilolo Kijakazi*                                                                   **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff Randle L. Jennings, proceeding *pro se*, brings this action under the Social Security Act, 42 U.S.C. § 405(g), for judicial review of the final decision of the Commissioner of Social Security Administration denying his application for Disability Insurance Benefits under Title II of the Social Security Act. Having reviewed the parties' submissions, the record, and the applicable law, the undersigned recommends that the Commissioner's final decision be AFFIRMED and this action be DISMISSED with prejudice.

## BACKGROUND

On February 24, 2021, Plaintiff applied for Disability Insurance Benefits ("DIB"), alleging that he had been disabled since May 1, 2019, due to diabetes, limited standing and mobility, a stint in his left leg, and a "heart rate" issue. [10] at 76; 80; 183. After Plaintiff's application was denied initially and upon reconsideration, he requested a hearing before an administrative law judge ("ALJ") and agreed to a telephonic hearing that was held on April 6, 2022. *Id.* at 55-74. Plaintiff and a vocational expert testified, and Plaintiff was represented by counsel during the hearing.

The ALJ rendered a decision unfavorable to Plaintiff on April 21, 2022. *Id.* at 16-28. The ALJ applied the sequential five-step analysis[1] and determined that Plaintiff was not disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of May 1, 2019, through his date last insured of March 31, 2021. *Id*. at 21. At step two, the ALJ determined that Plaintiff suffered the following severe impairments: diabetes mellitus, hypertension, heart disease, atrial fibrillation, peripheral vascular disease, polyneuropathy, and cervical degenerative disc disease. *Id*. Though Plaintiff's impairments were deemed severe, the ALJ found that they did not meet or medically equal any listing at step three. *Id*. at 22.

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b).[2] *Id*. at 23. Plaintiff's RFC included certain limitations, however, such as "no climbing of ladders or exposure to unprotected heights or dangerous machinery." *Id*. At step four, the ALJ determined that Plaintiff could perform his past relevant work as a teacher's aide 2 and elementary school teacher. *Id*. at 27. The ALJ relied upon vocational expert testimony and noted that each occupation did not require the performance of work-related activities precluded by Plaintiff's RFC. *Id*. Accordingly, the ALJ determined that Plaintiff was not disabled. *Id*. at 28.

---

[1] The steps include: "(1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *see* 20 C.F.R. §§ 404.1520, 416.92.

[2] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

Plaintiff appealed the ALJ's decision to the Appeals Council and attached pictures of a subsequent partial left leg amputation and partial right foot amputation as the basis for his review.[3]  *Id*. at 156.  Plaintiff wondered, "How could the state consider me able to work under the attached associated photos, [*sic*] and this letter."  *Id*.  On September 28, 2022, the Appeals Council determined that Plaintiff failed to provide a basis for altering the ALJ's decision and denied Plaintiff's request for review.  *Id*. at 5.

Plaintiff filed this action on November 29, 2022, seeking judicial review in this Court under 42 U.S.C. § 405(g).  Plaintiff's Complaint [1] alleged generally that the Commissioner's decision should be overturned as it was not supported by substantial evidence in the record but did not provide any specifics.  The Court entered a Scheduling Order [3] directing Plaintiff to file a memorandum brief setting forth all errors which entitled him to relief within thirty (30) days after the filing of Defendant's answer and the administrative record.

Defendant filed its Answer [9] and the Administrative Record [10] on March 28, 2023.  Plaintiff, however, did not timely submit his memorandum brief.  On May 15, 2023, the Court ordered Plaintiff to submit his memorandum brief.  *See* Order [11].  On May 26, 2023, Plaintiff's wife, Fredericka Jennings, filed a document with the Court instead and divulged that Plaintiff's tardiness was caused by his hospitalization after he suffered a stroke.  *See* [13].  Plaintiff's wife stated that it was *her* wish that the case continue.  Still, Plaintiff's memorandum brief remained unfiled.

---

[3] Plaintiff's earlier request for reconsideration was also based upon the partial amputation of his left leg.  [10] at 99; 209-10.  However, the Appeals Council denied Plaintiff's request that the partial amputation of his left leg did not warrant a reasonable probability that the additional evidence would change the outcome of the decision.  *Id*. at 106.

The Court again ordered Plaintiff to file his memorandum brief and cautioned him that a response from someone other than a party or attorney of record ordinarily is not permitted or considered, but the Court would, nevertheless, consider the response and granted Plaintiff additional time to file his brief.  *See* Order [14].  On June 26, 2023, Plaintiff's wife filed a Response [15] with attached medical records regarding Plaintiff's stroke in March of 2023.  Days later, Plaintiff's wife filed a two-page Memorandum Brief [16] (the "Brief") with attached medical records from April 2022 through June 2023 regarding additional leg amputations and a stroke.

The Brief argues that "overwhelming evidence of both physical and mental disability" from Plaintiff's recent medical issues support Plaintiff's disability under several new listings, none of which were previously considered before the ALJ nor served as the basis for Plaintiff's application for disability.  [16] at 1.  Plaintiff's Brief does not challenge the ALJ's findings that Plaintiff did not meet the requirements of several listings under prior review.  Instead, Plaintiff seeks a review of the Commissioner's decision based on new medical records from events that occurred beyond the relevant period for Plaintiff's application.

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to two basic inquiries: (1) whether there is substantial evidence in the record to support the ALJ's decision; and (2) whether the decision comports with relevant legal standards.  *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021).  Substantial evidence is merely enough that a reasonable mind could arrive at the same decision; though the evidence "must be more than a scintilla[,] it need not be a preponderance."  *Id.* (quoting *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012).  On judicial review, this Court may not re-weigh the evidence, try the case de novo, or substitute its judgment

for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

## ANALYSIS

### *Non-party Filings*

The Court first addresses whether the submissions before the Court made by Plaintiff's wife may be considered on review.  "[I]n federal court, a party can represent himself or be represented by an attorney but cannot be represented by a nonlawyer." *Gonzalez v. Gillis*, 2020 WL 7635099, at *2 (S.D. Miss. Nov. 5, 2020) (quoting *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)).  Here, Plaintiff filed his appeal *pro se* but failed to represent himself throughout the appeal.  He did not communicate with the Court beyond December 28, 2022.  *See* [5].  And Plaintiff never obtained counsel.[4]

Plaintiff's wife has instead attempted to speak for him.  She filed several documents with the Court due to Plaintiff's alleged inability to timely file necessary documents because of various medical issues.  The Court cautioned Plaintiff that filings made by someone other than Plaintiff or counsel may not be considered, and he was urged to retain counsel if he was unable to proceed *pro se*.  *See* Order [14].  Still, Plaintiff's wife submitted his Response [15] to the Court's Order [14] and his Brief [16].  Having received no response from Plaintiff himself, the Court set a status conference to determine whether Plaintiff was aware of the filings submitted on his behalf and to determine whether he wanted the Court to consider them.  *See* [18].

During the conference, Plaintiff stated that he was aware of his wife's submissions and stated that, at the time, he was unable to submit the filings himself.  Plaintiff also verified that

---

[4] Plaintiff was represented by counsel at his hearing and through the appeal's process.  For reasons not presented to the Court, Plaintiff filed this action *pro se*.

5

each filing was submitted on his behalf and that he approved of and adopted each filing. Plaintiff stated that the Court may consider the filings as if he submitted them. Under the circumstances, the Court will consider the filings submitted by Plaintiff's wife on his behalf to conduct an adequate review of Plaintiff's appeal.[5]

Because Plaintiff is a *pro se* litigant, the Court applies less stringent standards in interpreting his arguments than it would in the case of a represented party. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Even so, Plaintiff has not demonstrated that the Commissioner's decision is unsupported by substantial evidence or that the Commissioner used improper legal standards. Liberally construed, Plaintiff instead asks the Court to consider new evidence on appeal that was not incorporated into the administrative record.

### *New Evidence*

With respect to Plaintiff's request that the Court consider new evidence, the Court may not consider new evidence outside of the administrative record when reviewing a claim for benefits. *Ellis v. Bowen*, 820 F.2d 682 (5th Cir. 1987). Under sentence six of 42 U.S.C. § 405(g), however, the Court may remand a case to the Social Security Administration at any time for a new administrative determination if there is new evidence for the agency to consider.

The statute requires the new evidence meet three criteria: (1) it must be new, not cumulative of what exists in the record; (2) it must be material and likely to change the outcome

---

[5] After Plaintiff's stroke in March 2023, his wife submitted documents that alleged Plaintiff was "damaged cognitive" and suffered from significant cognitive limitations. *See* [13], [16]. During the status conference, Plaintiff was able to communicate effectively with the Court and stated that he was able to make his own decisions. In addition, medical records submitted from June 2023, nearly three months following his stroke, include a physical exam that indicated Plaintiff's memory was "normal" and that he was "oriented to time, place, person, and situation." [16-3] at 6. Plaintiff was also advised of the benefits and alternatives to an above-knee amputation and gave informed consent to the attending physician that "he would like to proceed." *Id.*

of the case; and (3) the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *Leggett v. Chater*, 67 F.3d 558, 567 (5th Cir 1995). If the evidence does not meet all three requirements, then the Court will not remand the claim.

Plaintiff alleges that the new medical records establish that he now meets three listings not previously considered. *See* [16] at 2. The new medical records relate to an April 2022 partial amputation of the right foot, a stroke in March 2023, and an above-knee right leg amputation in June 2023. Though the evidence is new, it is not material.

To be material, evidence must "relate to the time period for which benefits were denied, and … not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985); *see also Thomas v. Colvin*, 587 F. App'x 162, 165 n.30 (5th Cir. 2014). "Although a subsequent deterioration may form the basis for a new claim, to remand the case for that reason alone would be inconsistent with the principles of appellate review." *Salazar v. Chater*, 74 F.3d 1236 (5th Cir. 1995) (per curiam) (citing *Johnson*, 767 F.2d at 183)).

Plaintiff's newly-submitted medical records do not relate to the period for which benefits were denied—namely, the period of May 1, 2019 (the alleged onset of disability date) through March 31, 2021 (Plaintiff's date last insured). All medical records submitted relate to medical treatment for conditions arising after the Plaintiff's date last insured (i.e., the stroke and leg amputations). Though the records do indicate a subsequent deterioration in Plaintiff's health since his claim was denied and his date last insured, the records are not material and do not warrant a remand.

*Substantial Evidence*

For a claimant to demonstrate he is entitled to Disability Insurance Benefits, he must prove not only that he is disabled but also that he became disabled prior to the expiration of his last insured status. *See Owens v. Heckler*, 770 F.3d 1276, 1280 (5th Cir. 1985); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). It is undisputed that March 31, 2021, was Plaintiff's date last insured. [10-1] at 164. The ALJ therefore properly considered the evidence in the record regarding Plaintiff's status as of his date last insured and concluded that Plaintiff had not proven he was disabled prior to that date.[6]

The ALJ noted that on March 4, 2021, roughly three weeks prior to his date last insured, Plaintiff admitted to being able to walk one mile, drive his car, shop in stores, perform household and yardwork, and attend his local church a few times a week. *See* [10-1] at 27; 194-97. Such activities fit within Plaintiff's RFC, which was adjusted to account for some of his impairments, and his ability to perform work as a teacher's aide 2 or elementary school teacher. *See id*. at 27. It was not until August 31, 2021, five months beyond his date last insured, that Plaintiff alleged a drastic change in his ability to walk due to the leg amputation surgery held on that very day. *Id*. at 209. He also alleged depression for the first time on August 31, 2021—months beyond his date last insured. Plaintiff has failed to demonstrate that he became disabled prior to his date last insured, and the ALJ's decision is supported by substantial evidence in the record.

The undersigned is sympathetic to the fact that Plaintiff's condition has since deteriorated and that he has experienced significant health challenges. To change the outcome of the ALJ's

---

[6] The ALJ did not find Plaintiff disabled under the purported new listings raised on appeal because Plaintiff did not allege these limitations in his application materials or during the hearing. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1998) (finding ALJ was not required to consider impairment that claimant did not allege in his disability applications or before the ALJ).

decision, however, newly submitted evidence must "relate to the period for which benefits were denied," not the subsequent deterioration of a previously non-disabling condition. *Haywood v. Sullivan*, 888 F.2d 1463, 1471-72 (5th Cir. 1989). The medical records submitted by Plaintiff do not so relate, and Plaintiff's subsequent deterioration does not warrant a reversal on the facts of this case.

## RECOMMENDATION

The Commissioner's decision should be AFFIRMED and the Complaint [1] DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. L. U. Civ. R. 72(a)(3). The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 11th day of January, 2024.

s/Michael T. Parker
United States Magistrate Judge
